# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:17CR00015-003 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **LESLIE ANN CLASBY,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Leslie Ann Clasby, Pro Se Defendant.*

This matter is before me on a pleading titled "MOTION FOR RECONSIDERATION OF THE APPLICATION OF AMENDMENT 794 MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)."[1] After review of the record, I conclude that this motion must be denied.

Clasby pleaded guilty in this court to one count of conspiring to possess with the intent to distribute five grams or more of methamphetamine. For this offense, I sentenced her on April 10, 2018, to 84 months in prison. The judgment was entered the next day, and Clasby did not appeal.

---

[1] Previously, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), I notified Clasby of my intention to address her motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and offered her an opportunity to object to that construction. She responded, stating her intention to have the motion considered as arising under 18 U.S.C. § 3582(c). Accordingly, I dismissed the § 2255 action.

Clasby argues that I erred by failing to consider her limited role in the conspiracy when sentencing her, in accordance with Amendment 794 to the United States Sentencing Guidelines (USSG) § 3B1.2. Section 3582 authorizes me to reduce a defendant's sentence based on a post-sentencing change in the Sentencing Guideline range under which she was sentenced, if that guideline amendment is retroactively applicable. It must be noted that Amendment 798 took effect in 2015, *before* Clasby was sentenced, so that § 3582 does not apply.

In any event, Clasby's claim fails for many other reasons. First, this issue is waived. Clasby's Plea Agreement expressly waived her right to collaterally attack her sentence other than to raise issues that cannot be waived, by law, or for ineffective assistance of counsel. Plea Agreement 9, ECF No. 138. Second, at the time of sentencing, Clasby never requested a reduction for a minor role, nor objected to the PSR. Accordingly, she has procedurally defaulted on this claim. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

Finally, the facts of Clasby's involvement in the drug trafficking conspiracy as set forth in her Plea Agreement, *id.* at 3-4, which she expressly agreed were true, show that she was not entitled to a role reduction. *See* USSG § 3B1.2(a) (allowing for a reduction in a defendant's sentencing guideline range if the defendant is less culpable than others involved in the criminal conduct).

For the stated reasons, it is **ORDERED** that the defendant's motions, ECF Nos. 213 and 217, seeking a sentence reduction, are DENIED.

                                        ENTER: May 24, 2019

                                        /s/ James P. Jones
                                        United States District Judge